# MEMORANDA

OF

## CASES NOT REPORTED IN FULL.

---

JULIUS FREIBERG AND LEVY P. WORKUM, Respond-
ents, v. ROSANNA BRANIGAN, Appellant.

*Married woman carrying on business — liable on notes given by her husband as her agent.*

Appeal from a judgment in favor of the plaintiffs, entered on the verdict of a jury, and from an order denying a motion for a new trial, made on the minutes of the justice before whom the action was tried.

The action was brought to recover the amount due upon two promissory notes given by the defendant in April, 1877. It appeared, by the evidence, that the defendant was a married woman, and at the time when the notes were given, was carrying on business in Cherry street, in the city of New York, through the agency of her husband. The business was dealing in and selling liquor.

Before the notes were given the defendant delivered to her husband a power of attorney, constituting and appointing him her agent, and authorizing him to sign notes in her behalf. The notes sued upon were signed by him in the form provided for in the power of attorney ; but it was claimed that the defendant was not liable for their payment, by reason of the fact that she was a married woman. It was shown, in answer to this objection, that the notes were given for liquors purchased by her husband in her name, for the business, and that the liquors were actually delivered at the store in which the business was carried on, although they were

afterwards taken by her husband, without her authority, and delivered to his brother upon a debt owing by him.

The court at General Term said : " So far as the plaintiffs were concerned, the transaction was complete when these liquors were delivered at the defendant's store ; and as they were bought by her agent in the course of her business for her, they constituted a good consideration for the notes in suit. Before that time the statute of this State had authorized a married woman to carry on any trade or business on her sole and separate account, and it had provided that no contract made by her, in the course of the transaction of that business, should be binding upon her husband ; and beyond that, that she might be sued the same as though she were an unmarried woman. (New York Statutes at Large, vol. 4, p. 516, §§ 2 and 8; id., p. 517, § 7.) ' And this business, it has been held, she could manage and carry on through the intervention of the agency of her husband. (*Knapp* v. *Smith*, 27 N. Y., 277; *Bodine* v. *Killeen*, 53 id., 93.) And when a married woman carries on business in that manner, she becomes liable upon the obligations created in the course of it, the same as though she were a single female. (*Corn Exchange Insurance Co.* v. *Babcock*, 42 N. Y., 613, 642.) And they may be enforced against her by action in the same manner. (*Hier* v. *Staples*, 51 N. Y., 136.) As the law empowered her to carry on business on her own account, and to manage it through the agency and intervention of her husband, she took the risk upon herself of the ordinary dangers of that relation, where all that is required to render the principal liable to third persons in civil suits, even though the obligation may have resulted from the malfeasance or misfeasance of her husband, was that the act should be performed in the course of his employment." (Story on Agency [4th ed.], § 452.)

*John McGinn*, for the appellant. *Wm. Montgomery, jr.*, for the respondents.

Opinion by Daniels, J. Brady, P. J., and Ingalls, J., concurred.

Judgment affirmed.